**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

| | |
|---|---|
| NEEZY ADDERLY, | : |
| | : |
| Petitioner, | :     Civ. No. 14-1800 (RBK) |
| | : |
| v. | : |
| | :     **OPINION** |
| WARDEN JORDAN HOLLINGSWORTH, | : |
| | : |
| Respondent. | : |

_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Petitioner, Nezzy Adderly, is a federal prisoner currently incarcerated at F.C.I. Fort Dix

in Fort Dix, New Jersey.  He is proceeding _pro se_ with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241.  For the following reasons, the habeas petition will be denied.

## II.      BACKGROUND

This habeas petition is the latest attempt by Mr. Adderly contesting his federal sentence.

The United States Court of Appeals for the Third Circuit has set forth petitioner's procedural

history in the federal courts in multiple opinions:  Indeed:

> Nezzy Adderly pleaded guilty in the United States District Court
> for the Eastern District of Pennsylvania to violating 18 U.S.C. §
> 922(g), and to being an armed career criminal under 18 U.S.C. §
> 924(e).  He was sentenced to the mandatory minimum term of
> imprisonment of 15 years and three years of supervised release.
> We affirmed in _United States v. Adderly,_ 306 F. App'x 766 (3d
> Cir.2009).  In July, 2009, Adderly filed a motion to vacate
> sentence, 28 U.S.C. § 2255, in the sentencing court, which was
> denied.  _See United States v. Adderly,_ 2010 WL 1047689 (E.D. Pa.
> March 19, 2010).  Adderly appealed at C.A. No. 10–1902, and we
> denied his request for a certificate of appealability on August 17,
> 2010.

On November 2, 2011, Adderly filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the District of New Jersey, where he is confined.  He argued that he is actually innocent of his 15–year sentence under 18 U.S.C. § 924(e)(1), because his predicate crimes are not violent felonies under the ACCA, *see id.* at § 924(e)(2).  In a memorandum in support, Adderly argued that he objected to the use of the prior convictions at his sentencing hearing, but the objection went unresolved.  The District Court dismissed the habeas corpus petition for lack of jurisdiction, finding no basis for application of section 2255's "safety valve."  The District Court further noted that Adderly had already raised his claim that his state offenses should not qualify as violent felonies in his section 2255 proceedings, and he could not use habeas corpus to relitigate this issue.  We summarily affirmed on January 27, 2012, *see Adderly v. Zickefoose,* 459 F. App'x 73 (3d Cir.2012) (prisoner's challenge to armed career criminal sentence does not fall within purview of savings clause).

Several months later, Adderly filed a postjudgment item in the District Court titled "Motion for Adequate Representation of Defendants," requesting that counsel be appointed to represent him.  In the interest of justice, he argued, counsel should be appointed because he may have a valid claim under our not precedential decision in *Pollard v. Yost,* 406 F. App'x 635 (3d Cir.2011).  He further argued that he had no earlier opportunity to challenge his sentence on the basis of an intervening change in the law, citing *Johnson v. United States,* 559 U.S. 133, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010) (defendant's prior battery conviction under Florida law not violent felony under ACCA); *Chambers v. United States,* 555 U.S. 122, 129 S. Ct. 687, 172 L. Ed. 2d 484 (2009) (failure to report conviction under Illinois law not a violent felony *80 under ACCA); and *Begay v. United States,* 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008) (driving under influence conviction under New Mexico law not violent felony under ACCA).  In an order entered on July 11, 2012, the District Court denied the motion on the basis of lack of subject matter jurisdiction.

*Adderly v. Zickefoose* ("*Adderly I*"), 504 F. App'x 78, 79-80 (3d Cir. 2012).  The Third Circuit

affirmed the denial petitioner's "Motion for Adequate Representation."  *See id.*  In affirming that

denial, the Third Circuit stated as follows:

In *Pollard,* a panel of this Court held that subject matter jurisdiction over the prisoner's claim of actual innocence of an armed career criminal sentence was lacking.  Accordingly, the District Court properly denied his habeas corpus petition, 28 U.S.C. § 2241.  However, the District Court's order was affirmed on the basis that the prisoner had not shown that a failure to consider his actual innocence claim would work a miscarriage of justice; the issue of whether the safety valve could be applied to a sentencing claim of actual innocence—for example, where a subsequent change in the law regarding what constitutes a predicate crime renders the sentence invalid—was left open. *Pollard,* 406 F. App'x at 638.

Although we consider here only whether the District Court properly denied Adderly's postjudgment counsel motion, it does not appear that *Pollard* provides a basis for reopening his habeas corpus case, even if he had filed a Rule 60(b) motion.  As a threshold matter, *Pollard* was decided on January 24, 2011, in plenty of time for Adderly to rely on it in his November, 2011 habeas corpus petition.  *Cf. Gonzalez v. Crosby,* 545 U.S. 524, 531–32, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (Rule 60(b) motion which seeks to advance substantive claim that was omitted from original petition is in substance impermissible successive habeas corpus petition).  The other cases cited by Adderly, *Johnson, Chambers,* and *Begay,* also were decided well before he filed his section 2241 petition.  Moreover, Adderly pleaded guilty to being an armed career criminal.  Having pleaded guilty, we see no complete miscarriage of justice sufficient to justify habeas corpus jurisdiction.  As we explained in *Pollard,* because it was a plea agreement that determined the sentence, it cannot be determined whether the sentence would have been shorter had *Johnson, Chambers*, and *Begay* already been decided, *see Pollard,* 406 F. App'x at 638 & n. 4.

*Adderly I*, 504 F. App'x at 80-81.  As Mr. Adderly was proceeding with a § 2241 petition in this

Court, he was also seeking to reopen his § 2255 action in the Eastern District of Pennsylvania.

Indeed:

On June 20, 2012, Adderly filed a motion under Rule 60(b) in his section 2255 proceedings, arguing that the judgment should be reopened because he is not an armed career criminal under these Supreme Court decisions: *Johnson v. United States,* 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010); *Chambers v. United States,* 555 U.S. 122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009); and *Begay*

*v. United States,* 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008).  In an order entered on August 2, 2012, the District Court denied the Rule 60(b) motion. Adderly appealed, and we denied his request for a certificate of appealability on the ground that the Rule 60(b) motion was in reality an unauthorized second or successive section 2255 motion, *see* C.A. No. 12–3280.  On December 12, 2012, Adderly filed another Rule 60(b) motion, in which he again argued that he did not have the required number of violent felonies to be classified as an armed career criminal.  The District Court denied the motion as untimely and duplicative of the earlier Rule 60(b) motion. Adderly appealed, and we denied his request for a certificate of appealability, concluding that reasonable jurists would not find it debatable, *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), that Adderly's latest Rule 60(b) motion was in reality an unauthorized second or successive motion to vacate sentence, and that the District Court lacked jurisdiction to consider it.  *See* C.A. No. 12–4571.

Meanwhile, on January 4, 2013, Adderly filed an item in the district court titled "Petition in Support of Raising a Federal Question Pursuant to Title 28 U.S.C. § 1331."  In this petition, Adderly argued that the District Court, in making its prior ACCA violent felonies determination, had failed to apply the categorical or modified categorical approach as required by *Taylor v. United States,* 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990), and *Shepard v. United States,* 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005).  Had the court done so, Adderly argued, it would have discovered that his three state robbery convictions pursuant to 18 Pa. Cons. Stat. Ann. § 3701 were not violent felonies under the ACCA, 18 U.S.C. § 924(e)(2)(B).  When the District Court did not timely rule on this "Petition," Adderly filed a petition for writ of mandamus in this Court.  We denied mandamus relief, concluding that the January, 2013 "Petition" presented the same issue Adderly had tried unsuccessfully to pursue in his prior Rule 60(b) motions, and like his Rule 60(b) motions, it sought to advance one or more substantive claims attacking his armed career criminal sentence.  It thus qualified as second or successive section 2255 motion which could not proceed in the district court without prior authorization from a court of appeals.  *See In re: Adderly,* 522 F. App'x 151, 153 (3d Cir.2013).

In June, 2013, Adderly sought leave in this Court to file a second or successive section 2255 motion, contending that he had newly discovered evidence—the record of his three 1985 robbery convictions and 1988 conspiracy to commit robbery conviction— to prove that he is not an armed career criminal under the

"modified categorical approach" of *Shepard,* 544 U.S. 13, 125 S.
Ct. 1254.  We denied him leave to file a second or successive
section 2255 motion, concluding that he could not meet the
gatekeeping requirements of section 2255(h), and that the federal
question jurisdictional statute, 28 U.S.C. § 1331, did not supply an
independent basis for jurisdiction over his collateral attack on his
armed career criminal sentence, *see* C.A. No. 13–2474.

In September, 2013, Adderly filed another Rule 60(b) motion,
seeking to reopen his section 2255 proceedings.  The District Court
denied the motion, and we again denied Adderly a certificate of
appealability on the ground that the District Court lacked
jurisdiction to consider it, *see Gonzalez v. Crosby,* 545 U.S. 524,
530–32, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005).  In our order
denying a certificate of appealability, we advised Adderly that the
continued filing of frivolous pleadings could lead to financial
sanctions and restrictions, *see* C.A. No. 13–3990.

*In re Adderly* ("*Adderly II*"), 558 F. App'x 275, 276-77 (3d Cir. 2014).

On the same day that the Third Circuit issued its Opinion in *Adderly II*, Mr. Adderly filed

a § 2241 habeas petition in this Court.[1]  Mr. Adderly then filed a motion to supplement his

petition which was granted on April 25, 2014.  Mr. Adderly submitted an amended habeas

petition in May, 2014.  Similar to some of Mr. Adderly's previous filings in federal court, his

amended petition asserts that he is entitled to federal habeas relief because previous convictions

were improperly determined to be violent felonies under the Armed Career Criminal Act

("ACCA") such that he received an improperly enhanced 180-month sentence.  Mr. Adderly

relies on the United States Supreme Court decisions in *Johnson v. United States*, 559 U.S. 133

(2010) and *Begay v. United States*, 555 U.S. 122 (2008) to support his challenge to his purported

improperly enhanced federal sentence.  Additionally, Mr. Adderly relies on the a decision from

the United States Court of Appeals for the Eleventh Circuit, *Bryant v. Warden, FCC Coleman*,

738 F.3d 1253 (11th Cir. 2013) to support his amended habeas petition.

---

[1] Mr. Adderly's habeas petition was received by this Court on March 21, 2014, but is deemed
"filed" on March 10, 2014 pursuant to the prisoner mailbox rule.

Respondent has filed a response in opposition to the amended habeas petition. Respondent argues that the amended habeas petition should be denied as it constitutes an abuse of the writ.  Respondent claims that Mr. Adderly could have, but failed to raise his *Johnson/Begay* challenge in his previous § 2241 habeas petition denied by this Court. Alternatively, respondent claims that Mr. Adderly is not entitled to federal habeas relief because he has not established that his prior convictions were not "violent felonies" under the ACCA.

Mr. Adderly filed a reply in support of his amended habeas petition.  Additionally, he has filed a motion to amend his habeas petition.  In his motion to amend, Mr. Adderly furthers his argument that his sentence was improperly enhanced because his prior convictions were not violent felonies under the ACCA, and specifically cites to the Third Circuit's decision in *United States v. Brown*, 765 F.3d 185 (3d Cir. 2014).  Respondent has filed a response in opposition to Mr. Adderly's motion to amend.

### III.    DISCUSSION

A. <u>Jurisdiction</u>

While respondent does not raise the issue of this Court's jurisdiction, this Court is obliged to raise the issue of jurisdiction *sua sponte.  See Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 278-79 (1977); *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 739 1976); *Benchoff v. Colleran*, 404 F.3d 812, 815 (3d Cir. 2005) (addressing successiveness issue *sua sponte* because it affects whether District Court had jurisdiction to hear merits of habeas petition).  Mr. Adderly is challenging the federal sentence he received in the Eastern District of Pennsylvania in this amended habeas petition.  Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d

Cir. 2002)).  This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  *See* 28 U.S.C. § 2255(e).  Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted).  However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  *Cradle*, 290 F.3d at 539 (citations omitted).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Id.* at 538 (citation omitted).  "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]"  119 F.3d at 251.  Nevertheless, the

Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Mr. Adderly's case fails to fall within the *Dorsainvil* exception. First, as a panel of the Third Circuit noted in dicta in affirming the dismissal of Mr. Adderly's previous § 2241 for lack of jurisdiction, "[h]is claim of innocence amounts only to an assertion that his sentence was improperly determined. The sentencing claim does not fall within the purview of the savings clause." *Adderly v. Zickefoose*, 459 F. App'x 73, 75 (3d Cir. 2012) (per curiam); *see also Garcia v. Warden Ft. Dix FCI*, 596 F. App'x 79, 82 (3d Cir. 2014) (per curiam) ("Garcia's career offender sentence claim does not fall within the scope of the savings clause) (citing *Okereke*, 207 F.3d at 120); *Scott v. Shartle*, 574 F. App'x 152, 155 (3d Cir. 2014) (per curiam) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241.") (citation omitted); *McIntosh v. Shartle*, 526 F. App'x 150, 152 (3d Cir. 2013) (per curiam) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in *Dorsainvil* and may not proceed under § 2241.") (citation omitted); *Johnson v. Scism*, 454 F. App'x 87, 88 (3d Cir. 2012) (per curiam) (same); *United States v. Brown,* 456 F. App'x 79, 81 (3d Cir.2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the

petitioner's conduct non-criminal.  Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *Selby v. Scism,* 453 F. App'x 266, 268 (3d Cir.2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law.  Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth,* No. 13–0101, 2013 WL 141441, at *2 (D.N.J. Jan.11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted—possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States,* No. 12–1545, 2012 WL 5199167, at *5 (D.N.J. Oct.19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Furthermore, *Begay* was issued prior to Mr. Adderly's § 2255 motion.  Thus, he cannot show that § 2255 was inadequate or ineffective, as he could have raised *Begay* previously. *Accord Pearson v. Ebbert*, No. 14-1975, 2015 WL 540025, at *6 (M.D. Pa. Feb. 10, 2015) (finding that petitioner failed to show that § 2255 was inadequate or ineffective where he could have raised *Begay* challenge in first § 2255 motion).

Mr. Adderly's citation to the Eleventh Circuit's decision in *Bryant*, 738 F.3d 1253 also does not change this result.  In *Bryant*, the Eleventh Circuit stated as follows:

> Bryant has proven that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention" and that his § 2241 petition can now proceed under § 2255(e) because: (1) from the time of his initial sentencing in 2002 throughout his first § 2255

proceeding in 2005, our Circuit's binding precedent in *United States v. Hall,* 77 F.3d 398, 401–02 (11th Cir.1996), held that a concealed-firearm offense under Fla. Stat. § 790.01 was a "violent felony" under § 924(e) and squarely foreclosed Bryant's claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to Bryant's first § 2255 proceeding, the Supreme Court's decision in *Begay v. United States,* 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), set forth a new standard to evaluate which crimes constitute violent felonies under § 924(e), and *Begay,* as interpreted by *United States v. Archer,* 531 F.3d 1347, 1352 (11th Cir.2008), and *United States v. Canty,* 570 F.3d 1251, 1255 (11th Cir.2009), overturned our Circuit precedent in *Hall;* (3) *Begay*'s new rule is substantive and applies retroactively to Bryant's § 924(e) claim on collateral review; (4) as a result of pure § 924(e)-*Begay* error and retroactive application of *Begay,* Bryant's 235–month sentence exceeds the 10–year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his claim of illegal detention *above* the statutory maximum penalty.  Accordingly, we vacate the district court's dismissal of Bryant's § 2241 petition and remand with instructions set forth herein.

*Bryant*, 738 F.3d at 1257.  First, this Court is not bound by any decision issued by the Eleventh

Circuit.  *See United States v. Rhines*, 640 F.3d 69, 71-72 (3d Cir. 2011) (noting that decisions

from other circuits have no bearing upon the standard in this Circuit); *Walker v. Williamson*, 235

F. App'x 888, 889 (3d Cir. 2007) (per curiam) (stating that case law from other Circuit is not

binding on courts of this Circuit).  Second, even if *Bryant* was applicable, Mr. Adderly still

would not be entitled to federal habeas relief in this § 2241 amended habeas petition, because,

unlike the petitioner in *Bryant*, Mr. Adderly filed his § 2255 motion in 2009 after *Begay* was

decided in 2008.  *Accord Pearson*, 2015 WL 540025, at *6 (finding Eleventh Circuit's decision

in *Bryant* does not change result that petitioner is not entitled to federal habeas relief under §

2241 because petitioner could have raised *Begay* challenge in his first § 2255 motion such that §

2255 is not inadequate or ineffective).[2]

---

[2] Whenever a civil action is filed in a Court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could

B.  <u>Abuse of the Writ</u>

While it appears that this Court lacks jurisdiction to consider the amended habeas

petition, even if this Court had jurisdiction, the amended petition would still be denied as it

constitutes an abuse of the writ.  As previously noted, Mr. Adderly relies on *Begay* and *Johnson*

to argue that his prior convictions used to enhance his sentence under the ACCA were not violent

felonies.  *Begay*:

> effectively held that, to qualify as a crime of violence, the crime at
> issue must present "a serious potential risk of physical injury" and
> be one that "typically involves purposeful, violent, and aggressive
> conduct."[33] *Id.* at 144–45, 128 S. Ct. 1581. The Court expressly
> distinguished crimes involving negligence or recklessness from
> those involving violence or aggression. *Id.* at 146, 128 S.Ct. 1581;
> *see also United States v. Johnson,* 587 F.3d 203, 208 (3d
> Cir.2009).

*United States v. Lee*, 612 F.3d 170, 196 (3d Cir. 2010).  As the procedural history of this case

indicates, Mr. Adderly has sought relief in various federal venues on his argument that he was

improperly classified as a career criminal under the ACCA.  Thus, it is perhaps not surprising

that respondent argues that the amended habeas petition should be denied as an abuse of the writ

since Mr. Adderly could have raised his arguments in his amended habeas petition in his prior §

2241 petition.

Section 2244(a) of Title 28 of the United States Code states that, "[n]o circuit or district

judge shall be required to entertain an application for a writ of habeas corpus to inquire into the

detention of a person pursuant to a judgment of a court of the United States if it appears that the

legality of such detention has been determined by a judge or court of the United States on a prior

application for a writ of habeas corpus, except as provided in section 2255."  28 U.S.C. §

---

have been brought at the time it was filed."  28 U.S.C. § 1631.  In this case, the Court does not
find it is in the interest of justice to transfer this amended habeas petition to the Third Circuit as a
request to file a second or successive § 2255 motion.

2244(a). "The Supreme Court has held that the abuse of writ doctrine precludes inmates from

relitigating the same issues in subsequent petitions *or* from raising new issues that could have

been raised in earlier petition." *Boardley v. Grondolsky,* 343 F. App'x 837, 839–40 (3d

Cir.2009) (per curiam) (citing *McCleskey v. Zant,* 499 U.S. 467, 489, 111 S. Ct. 1454, 113 L. Ed.

2d 517 (1991)). "[T]he abuse-of-the-writ doctrine applies to section 2241 petitions; thus, a

petitioner may not raise new claims that could have been resolved in a previous action." *Id.* at

839 (citing *Queen v. Miner,* 530 F.3d 253, 255 (3d Cir.2008) (per curiam); 28 U.S.C. § 2444(a)).

> Under the abuse of the writ doctrine, a federal court "may not
> reach the merits of: (a) successive claims that raise grounds
> identical to grounds heard and decided on the merits in a previous
> petition; (b) new claims, not previously raised, which constitute an
> abuse of the writ," unless a habeas petition shows cause and
> prejudice or a fundamental miscarriage of justice.

*Hickman v. Zickefoose,* No. 11–5499, 2012 WL 1044508, at *2 n.1 (D.N.J. Mar.28, 2012)

(quoting *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992)); *see also Alden v. Warden, U.S.*

*Penitentiary Allenwood,* 444 F. App'x 514, 516 (3d Cir.2011) (per curiam) ("A petitioner may

justify his prior omission by showing cause and prejudice for his failure to earlier raise a claim.

And [i]n a case in which a successive petition includes a claim for relief already fully considered

and rejected ... the petitioner [must] show that 'the ends of justice' would be served by the court

entertaining the petition.") (internal quotation marks and citations omitted).  To show cause and

prejudice, petitioner must show "that some external factor impeded his efforts to raise the claim

and that actual prejudice resulted from the alleged errors." *Boardley,* 343 F. App'x at 839.  "A

fundamental miscarriage of justice may arise where 'a petitioner supplements a constitutional

claim with a colorable showing of factual innocence.' " *Id.* (quoting *McCleskey,* 499 U.S. at

495).

Mr. Adderly's amended habeas petition constitutes an abuse of the writ.  His previous §
2241 habeas petition that was dismissed by this Court for lack of jurisdiction specifically argued
that his prior convictions were not crimes of violence such that his sentenced was improperly
enhanced as a career criminal.  *See Adderly v. Zickefoose* ("*Adderly III*"), No. 11-6450, 2011 WL
5513187 (D.N.J. Nov. 9, 2011), *aff'd by*, 459 F. App'x 73 (3d Cir. 2012) (per curiam).
Additionally, while Mr. Adderly's prior § 2241 habeas petition in this Court did not specifically
cite to either *Begay* or *Johnson* to support his sentencing challenge, he clearly could have been
raised in his prior petition as both cases were decided prior to Mr. Adderly initially seeking §
2241 habeas relief in this Court in 2011.[3]

In his reply brief, Mr. Adderly asserts that it would be a miscarriage of justice if this
Court failed to entertain his claim that his prior convictions were improperly classified as violent
felonies under the ACCA such that his sentence was enhanced.  He specifically cites to an
unpublished Third Circuit opinion, *Pollard v. Yost*, 406 F. App'x 635 (3d Cir. 2011) to support
his argument that failure to consider his claims constitute a miscarriage of justice.  However,
another panel of the Third Circuit has already addressed that Mr. Adderly cannot rely on *Pollard*
to show a miscarriage of justice (albeit in a slightly different context).  Indeed, as explained by a
panel of the Third Circuit in *Adderly I*:

> In *Pollard,* a panel of this Court held that subject matter
> jurisdiction over the prisoner's claim of actual innocence of an
> armed career criminal sentence was lacking.  Accordingly, the
> District Court properly denied his habeas corpus petition, 28
> U.S.C. § 2241.  However, the District Court's order was affirmed
> on the basis that the prisoner had not shown that a failure to
> consider his actual innocence claim would work a miscarriage of
> justice; the issue of whether the safety valve could be applied to a
> sentencing claim of actual innocence—for example, where a
> subsequent change in the law regarding what constitutes a

---

[3] Mr. Adderly's reliance on *Bryant*, 738 F.3d 1253 to support his current amended habeas
petition is also unavailing for the reasons discussed *supra*.

predicate crime renders the sentence invalid—was left open. *Pollard,* 406 Fed.Appx. at 638. . . .

*Pollard* was decided on January 24, 2011, in plenty of time for Adderly to rely on it in his November, 2011 habeas corpus petition. *Cf. Gonzalez v. Crosby,* 545 U.S. 524, 531–32, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (Rule 60(b) motion which seeks to advance substantive claim that was omitted from original petition is in substance impermissible successive habeas corpus petition). The other cases cited by Adderly, *Johnson, Chambers,* and *Begay,* also were decided well before he filed his section 2241 petition. Moreover, Adderly pleaded guilty to being an armed career criminal. Having pleaded guilty, we see no complete miscarriage of justice sufficient to justify habeas corpus jurisdiction. As we explained in *Pollard,* because it was a plea agreement that determined the sentence, it cannot be determined whether the sentence would have been shorter had *Johnson, Chambers,* and *Begay* already been decided, *see Pollard,* 406 Fed.Appx. at 638 & n. 4.

*Adderly I*, 504 F. App'x at 80-81. Similarly, there is no miscarriage of justice such that Mr. Adderly's instant amended habeas petition constitutes an abuse of the writ.

C.  <u>Motion to Amend</u>

Mr. Adderly has also filed a motion to amend his amended habeas petition. He seeks to supplement his amended petition so that he can address the Third Circuit's decision in *United States v. Brown*, 738 F.3d 185 (3d Cir. 2014). In *Brown*, the Third Circuit explained the categorical and modified categorical approaches to determining whether a prior conviction constitutes a crime of violence for purposes of the ACCA. In so doing, the Third Circuit relied on the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).

Under [the categorical] approach, sentencing courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.,* the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps,* 133 S.Ct. at 2281. In practice, courts "may 'look only to the statutory definitions'—*i.e.,* the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.' " *Id.*

at 2283 (emphasis in original) (quoting *Taylor v. United States,* 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).  In the ordinary case of identifying whether a prior conviction fits the § 4B1.2(a)(1) definition, a court simply asks "whether the state crime has the use or threat of physical force [against the person of another] as an element of the offense."  *United States v. Remoi,* 404 F.3d 789, 794 (3d Cir.2005) (internal quotation marks omitted).  If the state statute "sweeps more broadly" than the federal definition, a conviction under it is not a career offender predicate even if the defendant actually committed the offense in a way that involved the use (or threatened use) of physical force against another.  *See Descamps,* 133 S. Ct. at 2283 (explaining that a defendant convicted of a burglary statute that "sweeps more broadly" than the ACCA's generic burglary offense is not subject to the enhancement "even if the defendant actually committed the offense in its generic form").

However, there is a "narrow range of cases" whereby a court can look beyond the fact of conviction and examine certain record evidence from the conviction to determine whether the prior offense is a crime of violence.  *Taylor,* 495 U.S. at 602, 110 S.Ct. 2143. I n *Descamps,* the Supreme Court explained that when a statute is "divisible"—*i.e.,* "comprises multiple, alternative versions of the crime"—a sentencing court may look to a limited class of extra-statutory documents to determine which version of the offense was the basis of conviction. 133 S. Ct. at 2284.  This is known as the "modified categorical approach." *Id.* at 2283.  Under this approach, if a statute is divisible, a court may consult "the charging paper and jury instructions" when the conviction resulted from a jury trial, *Taylor,* 495 U.S. at 602, 110 S. Ct. 2143, or, when the conviction resulted from a guilty plea, "the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States,* 544 U.S. 13, 16, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005).  The modified categorical approach still "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." *Descamps,* 133 S. Ct. at 2285.  It simply allows a sentencing court "to examine a limited class of documents to determine which of a statute's alternative *elements* formed the basis of the defendant's prior conviction." *Id.* at 2284 (emphasis added).

It bears repeating that the modified categorical approach is "applicable only to divisible statutes."  *Id.; accord id.* at 2285 ("[T]he modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute.").

*Brown*, 765 F.3d at 189-90.  With respect to the modified categorical approach, the Third Circuit stated that:

> If a statute is generally divisible into multiple versions, but each version is overbroad (covers at least some conduct that is not a crime of violence) and indivisible (cannot be further divided into sub-versions *based on the elements* ), the extra-statutory documents are irrelevant and a sentencing court's analysis has reached a dead-end: the prior conviction is not a predicate offense. *See Descamps,* 133 S.Ct. at 2283.

*Brown*, 765 F.3d at 19.  Mr. Adderly's position in his motion to amend is that because the charging documents do not specify under what robbery section he was convicted of, the Court must assume that the conduct was only the minimum necessary to comport with the statute and the record.  Thus, according to Mr. Adderly, "[t]he precedent established by Supreme Court in *Descamps* in which the Third Circuit embraces in *Brown* provides this court with the blueprint to vacate and remand Petitioner Adderly's sentence in order to remove the ACCA sentence."  (Dkt. No. 12 at p. 14.)

While Federal Rule of Civil Procedure 15 states that leave to amend should be freely given, the motion may be denied where there is undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).  In this case, Mr. Adderly's motion to amend will be denied as it is futile.  Mr. Adderly's proposed amendment continues to challenge the federal sentence he received by arguing that it was improperly enhanced since he is not a career criminal under the ACCA.  As described above, this Court lacks jurisdiction to consider Mr. Adderly's claim raised in a § 2241 habeas petition that he is actually innocent of a sentencing enhancement because it does not fall within the *Dorsainvil* exception to permit this § 2241 habeas petition.

Additionally, the *Dorsainvil* exception protects petitioners who "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]"  119 F.3d at 251.  While, as described above, Mr. Adderly is not challenging his actual criminal conviction to fall within the *Dorsainvil* exception, it is also worth noting that a panel of the Third Circuit has even recently stated that *Descamps* does not even represent an intervening change in the law.  *See Crawford v. United States*, No. 14-3373, 2015 WL 1652436, at *2 (3d Cir. Apr. 15, 2015).  Accordingly, Mr. Adderly's motion to amend will be denied as futile.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Adderly's motion to amend will be denied.  Mr. Adderly's amended § 2241 will be denied due to a lack of jurisdiction and/or because it constitutes an abuse of the writ.  An appropriate order will be entered.


DATED:   June 8, 2015

                                    s/Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge

17