UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NEZZY ADDERLY, :
:
        Petitioner, :    Civ. No. 14-1800 (RBK)
:
v. :
:
WARDEN JORDAN HOLLINGSWORTH, :    **OPINION**
:
        Respondent. :
:

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODCUTION

Petitioner, Nezzy Adderly, is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Previously, this Court denied petitioner's amended habeas petition. Petitioner has filed several post-judgment motions. The Clerk will be ordered to reopen this case so that these post-judgment motions can be analyzed. Presently pending before the Court are four motions from petitioner: (1) motion to alter or amend the judgment (Dkt. No. 20); (2) motion to amend the pleadings (Dkt. No. 22); (3) motion to appoint counsel (Dkt. No. 26) and (4) motion to expedite (Dkt. No. 32). For the following reasons, all of petitioner's post-judgment motions will be denied.

## II.    BACKGROUND

This Court previously laid out the lengthy procedural history of petitioner's collateral challenges to his judgment and conviction in its June 9, 2015 Opinion and need not do so again here. *See Adderly v. Hollingsworth*, No. 14-1800, 2015 WL 3629398, at *1-3 (D.N.J. June 9, 2015). In this action, petitioner alleged that he was entitled to habeas relief because his previous

convictions were improperly determined to be violent felonies under the Armed Career Criminal Act ("ACCA") such that he received an improperly enhanced sentence of 180 months. Ultimately, this Court denied the habeas petition on two grounds. First, this Court determined that it lacked jurisdiction to consider this § 2241 habeas petition because petitioner failed to show that he fell within the *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997) exception. More specifically, this Court determined that petitioner's sentencing claim did not fall within the purview of the savings clause that would make § 2255 was inadequate or ineffective. Furthermore, this Court determined that § 2255 was not inadequate or ineffective to raise his claims because, to the extent that petitioner relied on *Begay v. United States*, 555 U.S. 122 (2008) and its progeny, he could have raised it in his previous § 2255 motion. This Court also determined that the instant habeas petition constituted an abuse of the writ and denied petitioner's motion to amend.

### III.   DISCUSSION

Petitioner has filed four motions since this Court denied his habeas petition on June 9, 2015. Each of his motions is considered in turn.

A. <u>Motion to Amend or Alter Judgment Pursuant to Rule 59(e)</u>

First, petitioner filed a motion to alter or amend this Court's June 9, 2015 judgment pursuant to Federal Rule of Civil Procedure 59(e). Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't,* No. 11–7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski,* No. 10–5337, 2012

WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC,* 99 F. App'x 405, 410 (3d Cir. 2004).

Petitioner makes several arguments in his motion for reconsideration. First, he claims that this Court's decision that it lacked jurisdiction was improper in light of the fact that this Court permitted petitioner's habeas petition to proceed past screening. This argument can be dealt with in short order. At no point in this Court's screening Order did it affirmatively state that jurisdiction was proper in this case. Furthermore, as this Court noted in the June 9, 2015 Opinion, this Court was obligated to raise the issue of jurisdiction *sua sponte*. (*See* Dkt. No. 17 at p. 6). Therefore, this argument by petitioner for reconsideration of the June 9, 2015 Opinion and Order is without merit.

Next, petitioner claims that it would be a miscarriage of justice if this Court failed to entertain his claims that his prior conviction was improperly classified. (*See* Dkt. No. 20 at p. 5) Indeed, petitioner claims that this Court misplaced his argument with respect to *Pollard v. Yost*, 406 F. App'x 635 (3d Cir. 2011). Petitioner's arguments to the contrary notwithstanding, this Court's discussion of *Pollard* arose during this Court's analysis of whether petitioner's habeas petition constituted an abuse of the writ. More specifically, this Court noted that petitioner *could not* rely on *Pollard* to show a miscarriage of justice as a panel of the Third Circuit had already determined (albeit in a slightly different context), that petitioner could not rely on *Pollard* to

show a miscarriage of justice. (*See* Dkt. No. 17 at p. 13-14) Thus, petitioner fails to show in his motion that reconsideration is warranted to correct a clear error of law or fact or to prevent manifest injustice on this argument.

Finally, petitioner argues that this Court overlooked petitioner's arguments with respect to *United States v. Brown*, 765 F.3d 185 (3d Cir. 2014) and *Descamps v. United States*, 133 S. Ct. 2276 (2013) that he sought to raise in his motion to amend his habeas petition. This Court denied petitioner's motion to amend as futile and specifically discussed the relevance of *Brown* and *Descamps* to this case. As this Court properly noted in its prior Opinion, the motion to amend was futile because this Court lacked jurisdiction to consider petitioner's claim that he was actually innocent of a sentencing enhancement because such a claim did not fall within the *Dorsainvil* exception to permit this § 2241 habeas petition. Accordingly, petitioner's motion for reconsideration will be denied.

B.  Motion to Amend

Petitioner has also filed a motion to amend and supplement his pleadings. (*See* Dkt. No. 22) In that motion, petitioner seeks to add to his habeas petition a new argument relying on the United States Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, 135 S. Ct. at 2563, the Supreme Court held that, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." According to petitioner, *Johnson* is relevant to his motion for reconsideration because it constitutes an intervening change in controlling law.

At this time, this Court will deny petitioner's motion to amend without prejudice. The issue of whether *Johnson* applies retroactively to cases on collateral review is currently before the United States Supreme Court this term in *Welch v. United States*, No. 15-6418, which is

slated for oral argument on March 30, 2016. Therefore, even if this Court were to assume (without deciding) that *Johnson* is relevant, this Court believes that dismissing the motion to amend without prejudice is the most prudent course at this time until the Supreme Court rules on *Johnson*'s retroactivity.[1]

    C.  Motion to Appoint Counsel

Petitioner has also filed a motion to appoint counsel. Petitioner does not have a constitutional right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir.1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require ..." In *Reese*, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263–64. In this case, the Court finds that the appointment of counsel is not warranted. As stated in this Opinion, petitioner's motion for reconsideration is being denied and his motion to amend is being denied without prejudice in light of the fact that *Johnson*'s retroactivity is before the Supreme Court this term. Thus, his motion to appoint counsel will be denied.

---

[1] Furthermore, it is worth noting as respondent points out that petitioner currently has a pending application for leave to file a second or successive § 2255 motion with the Third Circuit where he contends that he is entitled to relief under *Johnson.* The Third Circuit has stayed petitioner's application pending disposition of cases that are currently considering the retroactivity of *Johnson*.

    D.  Motion to Expedite

Finally, petitioner has filed a motion to expedite a decision in his case because he asserts that he is being held beyond the maximum sentence and seeks immediate release pursuant to *Johnson*. (Dkt. No. 32) Petitioner's motion to expedite will be denied. As previously discussed, the Supreme Court is taking up the retroactivity of *Johnson* this term. Furthermore, as noted in *supra* note 1, the Third Circuit has stayed petitioner's application to file a second or successive § 2255 motion based upon *Johnson* pending a decision of whether *Johnson* is deemed retroactive to cases on collateral review. Accordingly, in light of these reasons, the motion to expedite will be denied.

## IV.    CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration is denied and his motion to amend is denied without prejudice. Furthermore, petitioner's motion for the appointment of counsel and his motion to expedite are denied. An appropriate order will be entered.

DATED: March 21, 2016                                      s/Robert B. Kugler
                                                                                   ROBERT B. KUGLER
                                                                                    United States District Judge